UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEAN C. BOYD                                                                              PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:23-CV-313-DPJ-ASH

MERIT HEALTH GROUP HOSPITAL                                                    DEFENDANT

ORDER

Pro se Plaintiff Dean C. Boyd is an inmate who says doctors under Defendant's supervision botched two surgeries on his neck. Compl. [1-1]. He brought claims under state and federal law, which the Court dismissed on January 19, 2024. Order [14]; Judgment [15]. On February 8, 2024, Boyd moved for a new trial [19]. Though Defendant never responded to the motion, the Court now denies it.

I.    Facts and Procedural History

Boyd claimed in his Complaint that he "suffered injuries and sustained damages as a result of the negligent medical malpractice treatment that he receive[d] at Merit Health Group Hospital" in Jackson, Mississippi. Compl. [1-1] at 3. According to him, his injuries were immediately apparent after neck surgeries performed on September 11, 2019, and February 10, 2020. *Id*. at 3–4.

Over three years later, on March 1, 2023, Boyd sued Defendant in the Circuit Court of Hinds County, Mississippi (No. 1:23-cv-141-DHG). Jackson HMA, which runs the Jackson hospital doing business as Merit Health Central Hospital (miscalled "Merit Health Group Hospital" in the Complaint), removed the case based on diversity jurisdiction. Notice [1] at 2. Jackson HMA then moved to dismiss the claims as untimely [3], and the Court granted its motion.

II.      Standard

Boyd simultaneously moved for a new trial under Federal Rule of Civil Procedure 59 and filed a notice of appeal under Federal Rule of Appellate Procedure 4. But because his case was dismissed without a trial, his motion for new trial is properly construed as a motion for reconsideration under Rule 59(e). *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996).

The notice of appeal does not affect the Court's jurisdiction to hear Boyd's motion for reconsideration. "It is well-established that a timely Rule 59(e) motion renders the underlying judgment nonfinal until the district court disposes of that post-judgment motion"; the court of appeals lacks jurisdiction over the appeal until the district court rules. *Simmons v. Reliance Standard Life Ins. Co.*, 310 F.3d 865, 867–68 (5th Cir. 2002) (noting that Rule 4(a)(4) suspends the time for review); *see also* Fed. R. App. P. 4(a)(4)(iv) (stating time to file an appeal runs for all parties from entry of order disposing of Rule 59(e) motion).

The standard for reconsideration of a judgment is difficult to meet:

> A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)).

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).

II.    Standard

Boyd simultaneously moved for a new trial under Federal Rule of Civil Procedure 59 and filed a notice of appeal under Federal Rule of Appellate Procedure 4. But because his case was dismissed without a trial, his motion for new trial is properly construed as a motion for reconsideration under Rule 59(e). *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996).

The notice of appeal does not affect the Court's jurisdiction to hear Boyd's motion for reconsideration. "It is well-established that a timely Rule 59(e) motion renders the underlying judgment nonfinal until the district court disposes of that post-judgment motion"; the court of appeals lacks jurisdiction over the appeal until the district court rules. *Simmons v. Reliance Standard Life Ins. Co.*, 310 F.3d 865, 867–68 (5th Cir. 2002) (noting that Rule 4(a)(4) suspends the time for review); *see also* Fed. R. App. P. 4(a)(4)(iv) (stating time to file an appeal runs for all parties from entry of order disposing of Rule 59(e) motion).

The standard for reconsideration of a judgment is difficult to meet:

> A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000) (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice & Procedure § 2810.1, at 124 (2d ed. 1995)).

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004).

III.   Discussion

Boyd says the statute of limitations for his claims tolled when he first filed them on June 13, 2022, in Hinds County Circuit Court.  Mot. [19] at 2–3.  To support that argument, he submits 49 pages of mostly handwritten documents, a few of which suggest that Hinds County opened a suit in 2021.  *See id.* at 17–20 (reflecting docketing information).  There are two problems.  First, Boyd's documents do not reveal enough to know whether his federal claim would have tolled or for how long.  Second, Boyd knew about his state-court filings when he responded to Jackson HMA's motion to dismiss, so they are not new evidence under Rule 59(e).  *Templet*, 367 F.3d at 478–79.  And because Boyd could have argued tolling in response to Defendant's motion, he may not rely on it now.  *Brown v. Ill. Cent. R.R. Co.*, No. 3:09-CV-296-WHB-LRA, 2010 WL 11530401, at *2 (S.D. Miss. Mar. 10, 2010) (rejecting tolling argument raised for first time post-judgment).  His motion is denied.[1]

IV.   Conclusion

The Court has considered all arguments; any not specifically addressed would not have changed the outcome.  Boyd's motion [19] is denied.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Boyd offers additional arguments in his motion, but they too fail under Rule 59(e).

3